# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOHNATHAN M. JOHNSON**
**United States Army, Appellant**

ARMY 20120643

Headquarters, 101st Airborne Division (Air Assault) and Fort Campbell (Trial and First Action)
Headquarters, Fort Campbell (Second Action)
Timothy Grammel, Military Judge
Colonel Jeff A. Bovarnick, Staff Judge Advocate (Advice and First Addendum)
Lieutenant Colonel Sebastian A. Edwards, Staff Judge Advocate (First Recommendation)
Colonel Susan K Arnold, Staff Judge Advocate (Second Recommendation and Second Addendum)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Captain John L. Schriver, JA; Captain Jack D. Einhorn (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA (on brief).

24 October 2014

-----------------------------------------------------------------
MEMORANDUM OPINION ON FURTHER REVIEW
-----------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of rape of a child on divers occassions, indecent liberty with a child, three specifications of sodomy with a child under the age of twelve on divers occassions, five specifications of aggravated assault in which grievous bodily harm is intentionally inflicted upon a child under the age of six weeks, and child neglect, in violation of Articles 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 928, 934 (2006 & Supp. I 2008) [hereinafter UCMJ],

respectively. The military judge sentenced appellant to a dishonorable discharge, confinement for thirty-eight years, and reduction to the grade of E-1. The convening authority approved only thirty years confinement and otherwise approved the remainder of the sentence.[1]

In a previous submission to this court, appellant initially alleged ineffective assistance of counsel in the post-trial sentencing phase of appellant's court martial. On 24 June 2014, without deciding the issue of ineffective assistance of counsel, this court set aside the convening authority's action and remanded the case to The Judge Advocate General for a new staff judge advocate recommendation and action. *United States v. Johnson*, ARMY 20120643, 2014 CCA LEXIS 455 (Army Ct. Crim. App. 24 June 2014). Appellant was afforded the opportunity to re-submit matters to the convening authority for consideration, and the convening authority again approved only thirty years confinement and otherwise approved the remainder of the sentence.[2]

After providing appellant with this opportunity, this case is again before us for review under Article 66, UCMJ. No additional assigned errors are raised. The appellant personally raises six issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We find one warrants discussion and relief.

## BACKGROUND

### a. Background of the Relevant Crimes

Appellant was in his home at Fort Campbell, Kentucky, tending to his infant son, who was less than six weeks old. While changing his son's diaper, appellant used both hands to grab his son by the ankles and hold him up in the air by his legs. Appellant then twisted, pushed, squeezed, and pulled the baby's legs with enough force to break the baby's right and left tibia.

Trying to "settle [the baby] down," appellant then grabbed his infant son by his wrists. Appellant proceeded to push, pull, squeeze, and twist the baby's wrists at the same time, with enough force to break the child's right and left wrists.

---

[1] The convening authority also deferred automatic forfeitures until action, and, at action, waived those automatic forfeitures for a period of six months. Appellant was also credited with 196 days confinement against the sentence to confinement.

[2] The convening authority again credited appellant with 196 days of confinement credit against the sentence to confinement, as well as crediting appellant with all confinement served from the date of sentencing until the date of the second action.

**b. The Relevant Specifications and the Appellant's Providence Inquiry**

Based on appellant's conduct, the government charged appellant, among other offenses, with four specifications of aggravated assault:

CHARGE III: VIOLATION OF THE UCMJ, ARTICLE 128

SPECIFICATION 1: in that [appellant], U.S. Army, did, between on or about 7 September 2011 and 17 October 2011, at or near Fort Campbell, Kentucky, commit an assault upon [MJ], a child under the age of 6 weeks, by pushing, pulling, squeezing, twisting, and shaking [MJ]'s legs with his hands and did thereby intentionally inflict grievous bodily harm upon him, to wit: a broken left tibea.

SPECIFICATION 2: in that [appellant], U.S. Army, did, between on or about 7 September 2011 and 17 October 2011, at or near Fort Campbell, Kentucky, commit an assault upon [MJ], a child under the age of 6 weeks, by pushing, pulling, squeezing, twisting, and shaking [MJ]'s legs with his hands and did thereby intentionally inflict grievous bodily harm upon him, to wit: a broken right tibea.

SPECIFICATION 4: in that [appellant], U.S. Army, did, between on or about 7 September 2011 and 17 October 2011, at or near Fort Campbell, Kentucky, commit an assault upon [MJ], a child under the age of 6 weeks, by pushing, pulling, squeezing, twisting, and shaking [MJ]'s arms with his hands and did thereby intentionally inflict grievous bodily harm upon him, to wit: a broken left wrist.

SPECIFICATION 5: in that [appellant], U.S. Army, did, between on or about 7 September 2011 and 17 October 2011, at or near Fort Campbell, Kentucky, commit an assault upon [MJ], a child under the age of 6 weeks, by pushing, pulling, squeezing, twisting, and shaking [MJ]'s arms with his hands and did thereby intentionally inflict grievous bodily harm upon him, to wit: a broken right wrist.

Appellant entered unconditional pleas of guilty to these and other offenses. Although the record and stipulation of fact are not entirely clear, appellant indicated that these four offenses occurred "at the same time." The military judge treated

Specifications 1 and 2 of Charge III as multiplicious for sentencing, and also treated Specifications 4 and 5 of Charge III as multiplicious for sentencing.

## LAW AND ANALYSIS

### Unnecessary Multiplication of Charges

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts–Martial [hereinafter R.C.M.] 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell,* 71 M.J. 19, 23 (C.A.A.F. 2012) (quoting *United States v. Quiroz,* 55 M.J. 334, 337 (C.A.A.F. 2001)). In *Quiroz,* our superior court listed five factors to help guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?
>
> (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?
>
> (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

55 M.J. at 339 (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly").

In this case, appellant's convictions for breaking each of his infant son's tibias is predicated upon the same criminal act – grabbing the infant by each ankle simultaneously with both of appellant's hands, and then pushing, pulling and squeezing the baby's legs with enough force to break his left and right tibia. The government's election to charge appellant twice for aggravated assaults as separate specifications was an unreasonable multiplication and exaggeration of charges which should be corrected. R.C.M. 307(c)(4) discussion; *see also United States v. Morrison,* 41 M.J. 482, 484 n. 2 (C.A.A.F. 1995). Applying the five *Quiroz* factors to the facts of this case, we find this requires the consolidation of the "particulars"

in Specifications 1 and 2 of Charge III. *See* 55 M.J. at 338. We will take appropriate action in our decretal paragraph to address this error.

Similarly, the appellant's separate subsequent act of grabbing the baby by his wrists and pushing, pulling and squeezing the baby's wrists with enough force to break them, is predicated upon the same criminal act by appellant. For the same reasons as we find an unreasonable multiplication of charges for Specifications 1 and 2, we find these specifications also constitute an unreasonable multiplication and exaggeration of charges which should be corrected. Applying the five *Quiroz* factors, we find this requires the consolidation of the "particulars" in Specifications 4 and 5 of Charge III. We will take appropriate action in our decretal paragraph to address this error.[3]

## CONCLUSION

Specification 1 of Charge III is merged with Specification 2 of Charge III as follows:

> In that the appellant, U.S. Army, did between on or about 7 September 2011 and about 17 October 2011, at or near Fort Campbell, Kentucky, commit an assault upon M.J., a child under the age of 6 weeks, by pushing, pulling, squeezing, twisting, and shaking M.J.'s legs with his hands and did thereby intentionally inflict grievous bodily harm upon him, to wit: a broken left tibia and a broken right tibia.

Specification 4 of Charge III is merged with Specification 5 of Charge III as follows:

> In that the appellant, U.S. Army, did between on or about 7 September 2011 and about 17 October 2011, at or near Fort Campbell, Kentucky, commit an assault upon M.J., a child under the age of 6 weeks, by pushing, pulling, squeezing, twisting, and shaking M.J.'s legs with his hands and did thereby intentionally inflict grievous bodily harm upon him, to wit: a broken left wrist and a broken right wrist.

---

[3] We do not merge all four specifications into a single aggravated assault specification because we find that the breaking of the tibias and the breaking of the wrists are separate criminal acts warranting separate specifications. Put another way, we find a gap of time between the breaking of the tibias and the breaking of the baby's wrists. Between those two crimes, there was a meaningful break in time when appellant tried to settle the baby down. As such they are separate transactions.

JOHNSON—ARMY 20120643

The findings of guilty as amended are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's sentence. The charges were merged for sentencing. The appellant was adjudged by a military judge. Third, the gravamen of appellant's misconduct remains unchanged. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

After reassessing the sentence and the entire record, the sentence is AFFIRMED. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

6